IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1 ROB NANCE, | § | |
| Plaintiff, | § | CIV-04-0470-R |
| | § | |
| v. | § | NO. |
| | § | |
| 1 EXXON MOBIL CORPORATION, | § | FILED |
| 2 EXXONMOBIL PIPELINE COMPANY, | § | |
| 3 EXXONMOBIL OIL CORPORATION, | § | APR 14 2004 |
| and 4 EXXONMOBIL DEVELOPMENT COMPANY, | § | ROBERT D. DENNIS, CLERK U.S. DIST. COURT, WESTERN DIST. OF OKLA. BY ______ DEPUTY |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE AND JURY:

COMES NOW, Plaintiff, Rob Nance, a resident of Shawnee, Pottawatomie County, Oklahoma, complaining of the following Defendants:

I.
DEFENDANTS

1. EXXON MOBIL CORPORATION is a New Jersey Corporation, whose principal place of business is in Houston, Harris County, Texas, but doing business in Oklahoma. EXXON MOBIL CORPORATION may be served with citation by serving its registered agent, CORPORATION SERVICE COMPANY, 115 S W 89th ST., OKLAHOMA CITY, OK 73139-8511.

2. EXXONMOBIL PIPELINE COMPANY is a corporation incorporated under the

laws of the State of Delaware, principal place of business is in Houston, Harris County, Texas, but doing business in Oklahoma. EXXONMOBIL PIPELINE COMPANY may be served with citation by serving its registered agent, CORPORATION SERVICE COMPANY, 115 S W 89th ST., OKLAHOMA CITY, OK 73139-8511.

3. EXXONMOBIL OIL CORPORATION, is a corporation incorporated under the laws of the State of New York, with a principal place of business in Dallas, Dallas County, Texas, but doing business in Oklahoma. EXXONMOBIL OIL CORPORATION may be served with citation by serving its registered agent, THE PRENTICE-HALL CORPORATION SYSTEM, OKLAHOMA, INC., 115 SW 89TH ST., OKLAHOMA CITY, OK 73139-8511.

4. EXXONMOBIL DEVELOPMENT COMPANY is a corporation incorporated under the laws of the State of Delaware, principal place of business is in Houston, Harris County, Texas, but doing business in Oklahoma. EXXONMOBIL DEVELOPMENT COMPANY may be served with citation by serving its registered agent, CORPORATION SERVICE COMPANY, 115 S W 89th ST., OKLAHOMA CITY, OK 73139-8511.

## II.

## FACTS

On or about April 16, 2002, the Plaintiff, Rob Nance, an employee of Halliburton, working in Pyote, Texas on or around the 4-H Campbell Well, Drilling Rig No. Nabors 641, Job No. OK-MJ-20030 a site controlled and operated by Defendants who were also directing the labor injured his back

when he was required to bury pipe.

III.

LIABILITY

At the time and place of the incident made the basis of the instant suit, thc Defendants failed to use ordinary care and having failed to do so were guilty of negligence. Defendants:

1. Violated American Petroleum Institute Standards and Recommendations and Association of Energy Service Companies procedures and guidelines and the duties it owed according to ordinary negligence when it failed to have an employee of supervision on the premises to modify or cease work methods, so as to ensure the safety of workers;
2. Violated American Petroleum Institute Standards and Recommendations and Association of Energy Service Companies procedures and guidelines and Texas Rail Road Commission Statewide Rules and the duties it owed according to ordinary negligence when it allowed Haliburton employees, such as Rob Nance, to bury pipe, when such pipe should have been buried by Defendants;
3. Violated American Petroleum Institute Standards and Recommendations and Association of Energy Service Companies procedures and guidelines and Texas Rail Road Commission Statewide Rules and the duties it owed according to ordinary negligence when it allowed Haliburton employees, such as Rob Nance, to bury pipe, when such pipe should have been buried by Defendants;
4. Failed to inspect the adequacy and safety of the worksite, including, but not limited to,

its completeness, safety, and function in violation of the American Petroleum Institute Standards and Recommendations and Association of Energy Service Companies procedures and guidelines and the duties it owed according to ordinary negligence; and

5. Negligently hired and retained incompetent employees to work at the subject site in violation of American Petroleum Institute Standards and Recommendations and Association of Energy Services Company procedures and guidelines and the duties it owed to Halliburton employees, such as Rob Nance, who should not have been required to bury Defendants' pipe.

6. Failed to inspect and document the safety of the worksite consistent with the American Petroleum Institute Standards and Recommendations and the duties it owed according to ordinary negligence;

7. Failed to monitor the well activities while having unburied pipe interfere with job requirements of others, such as Halliburton; and

8. The acts, omissions and conditions that existed at the worksite were ultra hazardous and/or inherently dangerous and Defendants are strictly liable for any resulting injury.

The heretofore stated acts of omission and commission by Defendants were the proximate cause of Plaintiff's damages.

## IV.

## DAMAGES FOR PLAINTIFF

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Rob Nance, was caused to suffer the damages, including personal injury. As a direct and proximate result

of the occurrence made the basis of this lawsuit, Plaintiff, Rob Nance, has incurred the following damages:

1. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services;

2. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

3. Physical pain and suffering in the past;

4. Mental anguish in the past;

5. Physical pain and suffering in the future;

6. Mental anguish in the future;

7. Physical impairment in the past;

8. Physical impairment which, in all reasonable probability, will be suffered in the future;

9. Loss of earnings in the past;

10. Loss of earning capacity which will, in all probability, be incurred in the future;

11. Loss of mental function;

12. Loss of household services in the past;

13. Loss of household services in the future;

14. Disfigurement in the past;

15. Disfigurement in the future;

16. Fear of future disease or condition;

17. Cost of medical monitoring and prevention in the future, and

18. All other damages allowed by law.

19. By reason of all of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

V.

PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Rob Nance, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgement be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court, with prejudgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF BENJAMIN L. BARNES, P.C.**

Benjamin L. Barnes [OBA #16173]
State Street Professional Building
1616 S. State Street
Edmond, OK 73013
Telephone: 405/359-0460
Fax: 405/359-0810

ATTORNEY FOR PLAINTIFF